Siefkin,
dissenting: It seems to me that the majority opinion, which follows the Manning case, is an attempt to apply an inflexible rule of law to a considerable group of cases which involve a number of questions, the answers to which depend upon the particular facts of those cases. .The decisions in the Manning case and in the Ingle case, 1 B. T. A. 595, give approval, in part at least, to article 142 of Regulations 45, which creates a presumption as follows:
* * * When a taxpayer buys real estate upon which is located a building which he proceeds to raze with a view to erecting thereon another building, it will be considered that the taxpayer has sustained no deductible loss by reason of the demolition of the old building, and no deductible expense on account of the cost of such removal, the value of the real estate, exclusive of old improvements, being presumably equal to the purchase price of the land and building plus the cost of removing the useless building.
It seems to me that the matter is not one for presumption but depends upon the facts. I also object to presuming that the intent at the date of purchase is irrevocable and fixes the basis for tax liability. See Heiner v. Tindle, 276 U. S. 582.
In deciding the question involved in this proceeding, it is well to consider the closely related question of realization of income by the lessor, in a case where he permits a lessee to tear down old buildings to make way for new ones, as such question relates to the further question whether the lessor suffers a taxable loss in such a case, as well as the difficult questions dealing with depreciation and unde-preciated cost under such circumstances. The problems raised are entirely too complicated and far-reaching in their»consequences to be dealt with by the use of a formula such as that contained in the regulations which are approved in the majority opinion. •
SteRnhagen agrees with this dissent.